UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHNNY KARMO,

    Plaintiff,

v.                                    Case No. 3:09-cv-705-J-20JRK

THE GINN COMPANIES, LLC, et al.,

    Defendants.

_____/

## ORDER

This cause is before this Court on "Defendants the Ginn Development Company, LLC and Ginn Real Estate Company, LLC's Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law" (Dkt. 98), "Defendant the Ginn Companies, LLC's Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law" (Dkt. 99), "Defendant SunTrust Mortgage, Inc.'s Motion to Dismiss and Memorandum of Law" (Dkt. 131) and Plaintiff's responses thereto (Dkts. 105 and 132).

## I. BACKGROUND

This action was originally filed as a punitive class action in the United States District Court for the Eastern District of Michigan in the matter styled *Awdish et al. v. The Ginn Co. et al.*, Case No. 07-12304 ("Original Action"). The action was subsequently transferred from the Eastern District of Michigan to this Court.

On July 27, 2009, the Court entered an Order, in the joint action, directing the Clerk to sever all the joint plaintiffs' claims, and to create a new, separate docket for each of the severed joint

plaintiffs. (Dkt. 84). The Court found the joint plaintiffs' claims were inherently distinct and had been improperly joined in a single complaint. The Order directed that each of the severed joint plaintiffs pay a separate filing fee within twenty (20) days of the date of the Order. In addition, several of the joint plaintiffs, including Plaintiff, were ordered to file Amended Complaints to correct pleading deficiencies in the Complaint. Plaintiff Johnny Karmo filed an Amended Complaint on September 4, 2009. (Dkt. 85).

## II. FACTS[1]

Plaintiff purchased, for $595,900.00, Lot No. 59 from Defendant Ginn - L.A. Hammock Beach, Ltd, LLP. However, Plaintiff alleges that he was the victim of a scam. Each of the Defendants were in collusion with one another to grossly inflate the value of the property so that an otherwise "worthless" piece of land was sold for a significant purchase price. Defendants were rewarded with profits, whereas Plaintiff was left with virtually nothing and remains personally liable on mortgage documents.

## III. STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the district court is required to construe the complaint broadly, *Levine v. World Financial Network National Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint must be viewed in the light most favorable to the plaintiff. *Hawthorne v. MacAdjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). "A court's review on a motion to dismiss is '"limited to the four corners of the complaint."' *Wilchombe v. TeeVee Toons,*

---

[1] This Court's use of the word "facts" is solely for purposes of deciding the motion and are not necessarily the actual facts. *Kelly v. Curtis*, 21 F.3d 1544, 1546 (11th Cir. 1994)(citation omitted).

2

*Inc.*, 333 F.3d 949, 959 (11th Cir. 2009)(quoting *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). "A court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims." *Id.*

However, as the Supreme Court ruled, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Although Rule 12(b)(6) allows "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*; *Watts v. Florida Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007).

The Supreme Court teaches in *Twombly* that a complaint must contain "enough factual matter (taken as true) to suggest" the required element. *Twombly*, 127 S. Ct. at 1965. The rule "does not impose a probability requirement at the pleading stage," but "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Id.* It is adequate if the complaint succeeds in "identifying facts that are suggestive enough to render [the element] plausible." *Id.*

Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. "[B]are assertions" which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, should therefore be rejected as "conclusory and not entitled to be assumed true." *Id.* at 1951.

The Amended Complaint alleges claims for fraud and is, therefore, subject to the

3

requirements of Federal Rule of Civil Procedure 9(b) which provides: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In satisfying the particularity requirement, "a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." *United States ex el. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006)(internal quotations omitted).

## IV. DISCUSSION

The Amended Complaint alleges eleven counts against the Defendants.[2] These counts are: Count I - Violation of Interstate Land Sales Act Failures to Provide Property Report; Count II - Violatio of Securities and Exchange Rules Registration, Reporting and Disclosure Requirement; Count III - False Representation Under Securities Exchange Act of 1934; Count IV - Ponzi Scheme and Violation of Section 10(b) of the Securities and Exchange Act; Count V - Violation of State Securities Laws; Count VII - Fraudulent Misrepresentation; Count VIII - Innocent Misrepresentation; Count IX - Violation of Racketeer Influenced and Corrupt Organizations Act; Count X - Violation of Florida Deceptive and Unfair Trade Practices Act; Count XI - Negligent Supervision as to Defendant SunTrust; and Count XII - Unjust Enrichment.

The Ginn Defendants and SunTrust maintain the Amended Complaint suffers from the same infirmities as the original Complaint. SunTrust, specifically, contends the Amended Complaint runs afoul of Rule 9(b)'s particularity requirement. Plaintiff, according to SunTrust, has failed to allege the time, place, nature of the misrepresentations, and the person or people who made them. Moreover, SunTrust contends the hallmark of a fraud claim a false statement concerning a material

---

[2] The Amended Complaint contains counts one through eleven. However, count six is omitted.

fact is absent from the Amended Complaint.

In the Order directing Plaintiff to file an Amended Complaints to correct pleading deficiencies, this Court explained that the First Amended Complaint and Demand for Jury Trial (Dkt. 2) was an impermissible "shotgun pleading." (Dkt. 84). The Order stated that should Plaintiff choose to file an Amended Complaint, it must "'state with particularity the circumstances constituting' allegations of fraud or mistake and shall contain 'a short and plain statement' of the named Plaintiff's claims demonstrating that the named Plaintiff is entitled to relief." (Dkt. 84, pg. 4). Additionally, the Order directed that "each named Plaintiff should describe in sufficient detail the factual basis for each of the claims and how each Defendant is responsible. In addition, the named Plaintiff should ensure that the counts in the amended complaint identify and rely upon the relevant factual allegations and do not seek to incorporate claims raised in preceding counts." *Id.* at 4-5.

The Amended Complaint (Dkt. 85) before this Court suffers from the same pleading deficiencies. The Amended Complaint while providing more detail at times can still be classified as a "shotgun pleading, " and such pleadings are unacceptable. The Eleventh Circuit has explained that, "[i]n shotgun style pleading, the complaint incorporates all of the general factual allegations by reference into each subsequent claim for relief." *Ferrell v. Durbin*, 311 F. App'x. 253, 259 (11th Cir 2009). Courts are not "required to parse the complaint searching for allegations of misrepresentations that could conceivably form the basis of each of [Plaintiff's] claims." *Id.* Therefore, instead of searching for allegations that may conceivably satisfy the elements for a prima facie claim under the counts in the Amended Complaint, this Court finds Plaintiff should be given a final opportunity to cure these defects.

Accordingly it is **ORDERED** and **ADJUDGED**:

1. Defendants the Ginn Development Company, LLC and Ginn Real Estate Company, LLC's Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Dkt. 98), Defendant the Ginn Companies, LLC's Motion to Dismiss Plaintiff's Amended Complaint and Incorporated memorandum of Law (Dkt. 99), and Defendant SunTrust Mortgage, Inc.'s Motion to Dismiss and Memorandum of Law (Dkt. 131) are **GRANTED in part**;

2. Plaintiff shall have fourteen (14) days from the date of this Order in which to file a Second Amended Complaint, should he so choose, that complies with the requirements of the Federal Rules of Civil Procedure and this Court's Order. Should Plaintiff fail to file a Second Amended Complaint within this time frame this case will dismissed with prejudice. Plaintiff is cautioned, moreover, that absent extraordinary circumstances this is his last opportunity to cure the defects of the complaint.

**DONE AND ENTERED** at Jacksonville, Florida, this 5// day of May, 2010.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
David H. Pollack, Esq.
Joseph A. Shallal, Esq.
Joshua Lerner, Esq.
John A. Lockett, III, Esq.
John L. Morrow, Esq.
Michael L. Duncan, Esq.
Elizabeth Howanitz, Esq.
Richard E. Ramsey, Esq.
William P. Heller, Esq.
Robert C. Graham, Esq.
Lawrence H. Kunin, Esq.
Joshua A. Lerner, Esq.